FILED
SUPERIOR COURT
OF GUAM

2020 FEB -4 PM 1:37

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0044-20 |
| vs. | DECISION AND ORDER |
| **FRANCISCO MATEO MARTINEZ,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 31, 2020, for hearing on Defendant Francisco Mateo Martinez's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Brendlynn Joseph was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 31, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On January 28, 2020, Defendant was indicted with one count of Strangulation (As a Third Degree Felony), and one count of Family Violence (As a Third Degree Felony). (Indictment, Jan. 28, 2020). These charges stem from allegations that Defendant and his girlfriend, Ms. Leanna Yun, got into an argument on or about January 16, 2020, which escalated

*People v. Martinez*
Case No. CF0044-20
Decision and Order

to Defendant assaulting Ms. Yun. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Jan. 19, 2020). Ms. Yun tried to call her mother to pick her up from the residence, but Defendasnt grabbed her phone and terminated the call. *Id.* Defendant then struck Ms. Yun on the chest, causing her to fall onto the ground, mounted Ms. Yun and used his hand to strangle her neck. *Id.* As Defendant squeezed her neck, Ms. Yun's vision became blurry and she could not breathe. *Id.* Just as Ms. Yun felt like she was going to "black out," Defendant released his grip. *Id.* Officers observed bruising to Ms. Yun's chest and arm, as well as abrasions on her neck and collarbone. *Id.*

On January 27, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $2,500.00 cash bail. *See* Commitment Order, Jan. 19, 2020.

On January 29, 2020, Defendant asserted his right to a speedy trial. Jury Selection and Trial is currently set to commence on March 11, 2020 at 1:30 p.m.

The Government did not file a written opposition to Defendant's Motion for Bail Redetermination, but indicated its opposition to the Motion orally.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the two thousand five hundred dollar ($2,500.00) cash bail. *See generally,* Mot. Bail Redetermination, Jan. 27, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)      length of his/her residence on Guam;

    (ii)      his/her employment status and history, and financial condition;

    (iii)      his/her family ties and relationships;

    (iv)      his/her reputation, character and mental and physical condition;

    (v)      his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)      his/her history relating to drug or alcohol abuse;

    (vii)      the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)      whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)      his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a forty-year old U.S. citizen and a lifelong resident of Guam. (Mot. Bail Redetermination at 4). Defendant has a LOW ORAS score and no prior contacts with the criminal justice system, and is financially supporting his three minor children. *Id.* Defendant notes that he and the alleged victim only dated briefly and would obey all no-contact orders pending resolution of this matter. *Id.* Additionally, Defendant sets forth that the alleged victim has been criminally charged with violent crimes and was the aggressor in the incident forming the basis of this matter. *Id.* Defendant alleges that the alleged victim fabricated the story as well as the injuries on her body. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and Defendant's ability to exert self-control. Defendant is charged with two third-degree felonies, and is accused of pushing and then strangling his girlfriend until she nearly "blacked out." (Decl. of Christine Santos Tenorio, Magistrate's Compl., Jan. 19, 2020). The Court finds this allegation extremely serious, and notes that strangulation is one of the most lethal forms of domestic violence.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future. Additionally, should the Government have any indication

that its ability to prove the charges against Defendant beyond a reasonable doubt considering Defendant's allegations that the alleged victim fabricated the story underlying this matter, it shall immediately inform the Court.

<b>CONCLUSION</b>

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for February 13, 2020 at 10:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to January 31, 2020, this ___ **FEB 0 4 2020** ___.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

_AG, PDSC_

Date _2-4-20_ Time _2pm_

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam